Filed 12/30/22  P. v. Marston CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS JOHN MARSTON,<br><br>    Defendant and Appellant. | A165863<br><br>(Mendocino County Super. Ct. No. SCUKCRCR 19848139) |

Thomas John Marston appeals from the denial of his post-conviction petition for resentencing under Penal Code section 1170.95.[1]  His attorney has filed a brief seeking our independent review of the appellate record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), to determine whether there is any arguable issue on appeal.  Appellant has filed a supplemental brief.  We affirm.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

A.  <u>Background</u>

In 1985, Marston was convicted of two counts of first degree murder with special circumstances for multiple murders and murder in the course of a robbery.  The judgment was affirmed on appeal.

---

[1]     Penal Code section 1170.95 has been renumbered as section 1172.6.  All statutory references herein are to the Penal Code.

1

B. <u>Current Proceedings</u>

On January 5, 2022, Marston filed a petition for resentencing in the Mendocino County Superior Court. In the petition, he declared under penalty of perjury that he was convicted of first degree murder under theories of felony murder and murder under the natural and probable consequence doctrines, he was not the actual killer, he did not act with an intent to kill, he was not a major participant in the felony, and he did not act with reckless indifference to human life.

The superior court appointed the Public Defender to represent Marston and stated it would review the record to determine if there was a prima facie showing of entitlement to relief, as required under the statute and *People v. Lewis* (2021) 11 Cal.5th 952.

After reviewing the charging documents, jury verdict forms, trial transcripts, and an unpublished appellate opinion, the court issued a tentative ruling that Marston failed to make a prima facie showing because the record demonstrated that he was the actual killer and had not been convicted under a theory entitling him to relief. The court set the matter for a hearing to allow the defense to oppose the tentative ruling.

On July 18, 2022, Marston (through counsel) filed a written brief in support of his prima facie showing. Marston claimed it was clear from the prosecutor's rebuttal argument at trial that the defense had relied on a theory that there was another killer, while the prosecutor insisted that Marston was the sole killer. Marston had testified that he was not the actual killer but had purchased marijuana from the victims and was present when they were shot by two armed men, whom he did not know, who then forced him to drive them away. The prosecutor proceeded under theories of first degree murder based on premeditation with malice, as well as felony murder.

2

After Marston was convicted and he appealed, the appellate court found there was " 'not a shred of evidence' " that Marston stole from the victims but did not kill them.

On August 31, 2022, the court found that Marston was not entitled to relief or a further hearing. This appeal followed.

## II. DISCUSSION

In a declaration accompanying the opening brief in this appeal, Marston's appellate counsel represented that counsel wrote to Marston, informed him of counsel's intention to "file this pleading" and of Marston's right to file a supplemental brief, and sent him the "transcript of the record on appeal" and "a copy of this brief with additional explanation of my evaluation of the case."

We received a supplemental letter brief from Marston. He claims that filings by the District Attorney were lies or "twisted version[s]" of the facts at trial, there was a witness who was not allowed to testify in front of the jury, and, although the "Mendocino County court" found his issues meritless, a federal appellate court purportedly stated that 12 issues had merit. He argues that no murder weapon was produced at trial so ballistics tests could confirm the identity of the firearms used in the crime. He complains that the prosecutor elicited expert witness testimony about trajectories and findings but then rejected them in her closing argument. He relies on "[t]hese issues and more, such as jury misconduct, judge misconduct, prosecution misconduct, inadequate assistance of counsel, investigation misconduct and the fact that no one could shed any light upon why one of the victims was running from unknown drug dealers who he owed money."

Marston's arguments are not supported by citations to the record or legal authority and are not supported by legal argument. They are therefore

unpersuasive if not abandoned. If a federal court has found any merit to any of the claims he purportedly asserted in federal court, he may pursue them there. To the extent he challenges the conduct of his trial and the jury verdict, the arguments are irrelevant to the subject of this appeal. He fails to demonstrate error.

Where counsel has filed a no-issues brief on appeal from an appellant's conviction, this court ordinarily conducts an independent review as set forth in *Wende*, even if the appellant has filed a supplemental brief. As recently decided by our Supreme Court, however, *Wende* does not apply to an appeal from a post-conviction ruling under section 1172.6, and the filing of a supplemental brief does not require an independent review of the entire record to identify unraised issues. (*People v. Delgadillo* (Dec. 19, 2022, S266305)___Cal.___th [p. 18].) We therefore need not conduct an independent review.[2]

---

[2]     *Delgadillo* directs that, before dismissing an appeal where appointed counsel has found no arguable issue, "the Court of Appeal should provide notice to the defendant that counsel was unable to find any arguable issues; the defendant may file a supplemental brief or letter raising any argument the defendant wishes the court to consider; and if no such supplemental brief or letter is timely filed, the court may dismiss the appeal as abandoned." (*Delgadillo*, at pp. 2–3; cf. *id*. at p. 18 ["the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter"].) Here, counsel informed Marston that he could file a supplemental brief and sent him a copy of the opening brief and the record. Notice from this court is not in the record, and it is unclear whether Marston was misinformed that *Wende* would apply or if he was told that the appeal would be dismissed if no supplemental brief is filed. Those matters are immaterial here because we are not dismissing the appeal and because Marston did, in fact, file a supplemental brief. Moreover, as this opinion was being prepared before the issuance of *Delgadillo* (which recognizes the appellate court's discretion to conduct an independent review), we conducted an independent review and found no arguable issue.

## III.  <u>DISPOSITION</u>

The judgment is affirmed.

_____

WISEMAN, J. *

We concur.

_____

SIMONS, Acting P. J.

_____

BURNS, J.

*People v. Marston* / A165863

_____

*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.